Prior to June 1976, plaintiff was employed as a research chemist at the Frederick Cancer Research Center, at Ft. Detrick, Frederick, Maryland. The Research Center was a facility of the National Cancer Institute of the National Institutes of Health (NIH). In June 1976 she was informed that she was reassigned to the NIH campus in Bethesda, Maryland, because her Frederick position was being eliminated. The distance between Frederick, where she lived, and the nih campus in Bethesda is some 40 miles. Plaintiff refused to accept the reassignment because she did not wish to commute that distance and believed that her former work-place and the new work-place were in different commuting areas. She was removed for refusal to appear at the new work-site, and this action was upheld by the Merit Systems Protection Board in April 1979.
The present suit does not challenge plaintiffs reassignment or her removal but asks only for severance pay which she was denied. The statute (5 U.S.C. § 5595(b)) provides severance pay for an employee who was involuntarily separated, and the regulations (5 C.F.R. § 550-705) characterize an involuntary separation (for severance pay purposes) as including where the employee declines to accept reassignment to another commuting area. The only issue presented to us is whether plaintiffs reassignment from the Frederick facility to the nih campus in Bethesda was in the *737 same or another commuting area. The agency has determined that both points are within the same commuting area, while plaintiff insists that they are in separate commuting areas.[1] Both parties have moved for summary judgment and we have had oral argument.
The regulations do not explicitly define "commuting area” for severance pay purposes, but it may be assumed that the definition of "commuting area” in connection with reductions-in-force is also applicable to our problem. That definition, 5 C.F.R. §351.203(d), provides: "'Local commuting area’ means the geographic area that usually constitutes one area for employment purposes. It includes any population center (or two or more neighboring ones) and the surrounding localities in which people live and reasonably can be expected to travel back and forth daily in their usual employment.”
The Federal Personnel Manual (fpm),Chapter 351, Sub-chapter 4-4, embroiders this regulation by saying that there is no arbitrary or unusual rule, that a commuting area is not determined by a single individual’s practice, and that: "The extent of a commuting area ordinarily is determined by common practice or by what reasonably can be expected on the basis of the availability and cost of public transportation or the convenience and adequacy of highways, and the travel time required to go to and from work.”
The National Cancer Institute and the National Institutes of Health have not formally defined the general "commuting area” for the Bethesda campus, but in this instance plaintiff was several times accorded consideration within nih of the matter of the proper "commuting area” for her.[2] The agency’s determination was a considered one. We cannot hold that that decision was contrary to the *738 regulations, unsupported by substantial evidence, arbitrary, or capricious. Although there may be some factors militating against the administrative determination, on balance the decision does not contravene the broad terms of the regulations or of the Federal Personnel Manual. Nor is the decision unreasonable either in this specific case or generally.
The main facts and factors supporting the agency’s ruling are these: (a) plaintiff did herself commute for three years (1971-1974) from her home in Frederick to the National Cancer Institute in Bethesda; (b) at the time of the reassignment she had a car which she was using daily and which she could use to commute to Bethesda; (c) there was public transportation between the two spots, although at somewhat inconvenient hours; (d) the two points are connected, almost wholly, by a very good superhighway, Route 270-S, which allows a travel time of about one hour; (e) a sizable group of nih employees in Bethesda apparently do commute from the Frederick area and NiH-Bethesda recruits in Frederick for clerical employees; and (f) a sizable segment of Cancer Center employees have commuted from considerable distances.
We conclude that the agency did not abuse its discretion or violate any law, and therefore its position must be sustained.
Defendant’s motion for summary judgment is granted and plaintiffs is denied. The petition is dismissed.

 The Merit Systems Protection Board refused to decide this issue, ruling that plaintiff was required to accept the reassignment whether or not it was in the same commuting area.

 This was done first by the nih Division of Personnel Management, then by a grievance examiner and the grievance-deciding official, then by the Director, Office of Personnel Policy and Planning, and finally by the Department Employee Appeal Examiner (in connection with the proposal to remove plaintiff). At each step the decision was that the two points (Frederick and the Bethesda campus) were within the same commuting area.